PENDLETON, President,
delivered the resolution of the Court to the following effect:
That the bond was given to secure a title to the land, and was to be void upon making a conveyance, is proved by three witnesses present and not contradicted. They speak of the whole tobacco, as on the same footing with the contract for the land; which probably proceeded from inattention of the parties at the time:
It is stated in the answer and supported by Livingston, that the slave valued at 16,000/65. of tobacco was given for the land, and that 3,400 were lent and to be re-paid. The Court, therefore, are of opinion, that the 3,400 are an independent demand, unconnected with the land.
As to the deed tendered, there was a diversity of opinion, whether it was a proper one; since, although it recited the estate for life of Martin, the elder, it conveyed the land immediately, (and not in remainder at his death,) with a general warranty against all persons; not excepting the tenant for life.
But, this was thought unnecessary to be decided; as a majority of the Judges are of opinion that without holding parties to strict time, a Court of Equity will always relieve against a penalty, where compensation can be made, placing the party in as good a condition, as if the land had been conveyed; as is proved, by many cases in this Court, as well as in the Courts of that country, from whence we draw our principles of jurisprudence.* That this is a case, which admits of compensation; and. that the interest of the 16,000/65. of tobacco in lieu of rents or profits, will be a proper compensation.
Therefore, the decree is to be reversed with costs, and the injunction dissolved as to the 3,400/65. of- tobacco with interest; and upon the appellant's executing a deed for the land, with warranty, and acknowledging or procuring *467 to be recorded at the expense of the appellee,* and paying to him 800lbs. of tobacco per annum, from the death of Martin Hackett the elder, till payment, with the costs in law and equity within six months from the time of entering the final decree in the Court of Chancery, the injunction is to be made perpetual; but, if the appellant should fail to do so within that time, the whole injunction is to be dissolved.

[* See Nelson v. Carrington et al. 4 Munf. 332, 343; Northcote v. Duke, 3 Eden, 321.322, and note (a); Skinner v. Dayton et al. 2 Johns. Ch. R. . 526.].

[* Judge Carrington said, in Long v. Colston, 1 H. & M. 115, that it is the custom of this country for the grantee to pay the expense of the deed.
In the recent case of Fairfax v. Lewis, 2 Rand 20, it was held, that in case of a contract to convey, the purchaser is not hound to prepare the conveyance and tender it to the vendor for execution, unless such an obligation can be inferred from the terms of the contract. On the principles of the common law, any one undertaking to do an act or cause it to be done, is bound to do It or cause it to be done at his peril, and to find the means of doing it, unless it cannot possibly be done, without the active concurrence of the party with whom the contract is made. The exception to this general rule, in England, is founded on the practice of the profession in that country, which prac* tice does not prevail here.
The rule as settled in Fairfax v. Lewis, was adjudged to be the rule in Penn, in the case of Sweitzer v. Hammel, ex'r. (May, 1817,) 3 Serg, & Raw. 228.]