## Staunton.

### EPPERSON AND ANOTHER v. EPPERSON.

September, 10, 1908.

Absent, Keith, P., and Buchanan, J.

1. EQUITY JURISDICTION—*Specific Performance—Injunctions—Case in Judgment.*—The allegations of the bill in this cause and the relief prayed show that the suit partakes of the nature of a suit for specific performance. Moreover, injunctive relief is sought against irreparable damage to a freehold. Equity has jurisdiction on both grounds.

2. PARTIES—*Omission—Voluntary Appearance and Defense.*—If one who is a necessary party to a suit is omitted, but afterwards, on his own initiative, is admitted as a party defendant, and files his answer and litigates his rights, he is bound by the decree in the cause determining those rights.

3. DEFEASANCE—*Condition Subsequent—Construction.*—An instrument which defeats the force or operation of some other deed, or of an estate, is a defeasance, but if the defeating clause is contained in the same deed it is called a condition. Courts look with disfavor upon conditions and defeasances, which are calculated to prevent or defeat the absolute vesting of titles, but if the condition or defeasance is clear and explicit it will be given full weight and effect.

4. CONTRACT FOR SUPPORT—*Defeasance—Breach by One of Two Obligors— Case in Judgment.*—When there is a plain and positive contract, distinctly stated, between a father and his two sons, that, in consideration of the conveyance by him to them of a farm, each will build and settle upon the land, and jointly support and care for the parents while they live, followed by a defeasance clause, that if the parties fail to comply with any one of the provisions of the agreement, the whole shall be null and void, the non-compliance by either son fulfils the condition upon which the defeasance attaches, and avoids the instrument in its entirety. The agreement is entire and not severable, and a breach or abandonment by either defeats the entire agreement.

5. CONTRACT FOR PERSONAL SERVICES—*Assignability.*—An executory contract for personal services, founded on personal trust or confidence, is not assignable.

6. EQUITY PLEADING—*Decree Between Co-Defendants—Cross-Pleadings—Rights of Complainant.*—As a general rule a court of equity cannot decree between co-defendants without cross-pleadings, but where the rights and equities between co-defendants arise upon the pleadings and evidence between the complainant and the defendants, and the complainant cannot get at his right without trying and deciding the case between the co-defendants, the court will try and decide the case, and the co-defendants will be bound.

Appeal from a decree of the Circuit Court of Scott county. Decree for the principal defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Richmond & Bond* and *W. S. Cox,* for the appellants.

*Irvine & Morison,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The following are the material facts in this case: By agreement between the appellees, W. H. Epperson and James H. Haynes, the latter bought the land in controversy for Epperson (who with his father were former owners) at a judicial sale, the understanding between the parties being, that Epperson was to continue in possession of the property, and on repayment of the purchase money Haynes was to convey him the legal title. Agreeably to that compact, by direction of Epperson, Haynes, on May 3, 1897, in consideration of $178.25, the balance of purchase money then due, conveyed the land to Epperson's two sons, I. S. L. Epperson and J. H. C. Epperson. The conveyance was part of a family arrangement between father and sons, which was reduced to writing May 15 following. By that contract, in consideration of the conveyance of the farm to the sons—W. H. Epperson and wife reserving the right to the

dwelling house occupied by them, with the curtilage, for life—
I. S. L. Epperson and J. H. C. Epperson agreed "to furnish
them whatever support they may need while they live, and to
see that they are well cared for in sickness, and if said parties
of the second part fail to furnish such support, then said par-
ties of the first part may take charge of the above farm and rent
it to whomsoever they please to secure their support. The
parties of the second part agree to pay James S. Haynes the
full amount due him　＊　＊　＊　; and each further agrees to
build a house on said farm and to occupy the same. It is mutu-
ally agreed that if said parties of the second part fail to comply
with any one of the provisions of this agreement which is bind-
.ing on them, then the whole of it, together with said deed from
James S. Haynes, are null and void."

I. S. L. Epperson wholly failed to perform his part of the
contract, and moved to Kentucky. He subsequently, on May
18, 1904, undertook to convey an undivided moiety of the land
to the appellant, S. F. Epperson, who thereupon filed an origi-
nal bill (and afterward an amended bill), in the Circuit Court
of Scott county, against W. H. Epperson and wife, I. S. L.
Epperson and Haynes; the object of the suit being to have the
court construe the agreement of May 15, and determine the
rights of W. H. Epperson and the plaintiff, as assignee of
I. S. L. Epperson, respectively, in the land; and also what sup-
port, if any, he was to furnish W. H. Epperson and wife; and
in the event he was not entitled to possession of the farm, he
then asked that Haynes be decreed to refund the amount paid
in discharge of the balance, due thereon. The amended bill
charged that W. H. Epperson was cutting the merchantable
timber, especially tan-bark timber, from the land, and, unless
injoined, that the injury to the plaintiff would be irreparable.

The court, responding to the issues raised by the pleadings
and evidence, decreed that the contract for support was not
voluntary, but founded on good and valuable consideration;
that the duties imposed by it could only be performed by the

obligors thereto, and that the contract was consequently not assignable; that the agreement was avoided by the failure of the obligors to carry out its stipulations, which circumstance likewise avoided the deed from Haynes to J. H. C. Epperson and plaintiff's grantor; that W. H. Epperson was, therefore, the true and lawful owner of the land; that the contract was breached and all rights thereunder ceased and determined before the attempted assignment; and that neither the plaintiff nor his grantor was entitled to recover anything on account of it, either from W. H. Epperson or James S. Haynes. The decree moreover dissolved the injunction granted on the amended bill, and dismissed the suit at the costs of the plaintiff. From that decree S. F. Epperson and J. H. C. Epperson appealed.

We have no difficulty in disposing of the objection raised by J. H. C. Epperson to the jurisdiction of a court of equity in this case. The original bill partakes of the nature of a suit for specific performance; and, beside, the amended bill seeks injunctive relief against irreparable damage to the freehold, which in itself affords undoubted ground for equitable jurisdiction.

Nor is there merit in the contention, that J. H. C. Epperson was not properly before the court, and ought not to be bound by the decree. It is true that his name does not appear as a party to either bill, but he was a party to the original transaction and is a necessary party to the litigation; and, on his own initiative, was admitted as a party defendant, by being permitted to file an answer and litigate his rights. It is common practice for omitted parties to be thus convened without formal amendment, and it is not perceived that any injustice has been occasioned by that mode of procedure in the present instance.

On the merits of the case: As remarked, it plainly appears that the deed of May 3, and the contract of May 15, formed parts of one transaction. If the stipulation for the avoidance of the agreement had been included in the deed, it would have

been a condition subsequent; but being embraced in a separate instrument, it constitutes a defeasance.

Bouvier defines a defeasance to be, "An instrument which defeats the force or operation of some other deed, or of an estate. That which is in the same deed is called a condition; and that which is in another deed is a defeasance." 1 Bouv. L. Dict. 527; *Lippincott* v. *Tilton,* 14 N. J. Law, 361.

It is not denied that there has been a total failure of performance of the contract by I. S. L. Epperson. Indeed, he has expressly repudiated it and rendered performance impossible by moving beyond the limits of the State.

It is said by a learned author, that "A contract may be broken in any one of three ways: (a) a party may renounce his liability under it; (b) he may by his own act make it impossible to fulfill his liability under it; (c) he may totally or partially fail to perform what he has promised." Clark on Contracts, sec. 328.

All of these elements are present and characterize the conduct of I. S. L. Epperson with respect to the agreement in question.

We furthermore concur in the interpretation of the learned circuit court, that the agreement is entire and not severable, and when breached and abandoned by one of the obligors a condition arose, which by the express terms of the instrument rendered "the whole of it together with the deed from James S. Haynes null and void."

We are not unmindful of the principle that courts regard with disfavor conditions and defeasances which are calculated to prevent or defeat the absolute vesting of titles. Nevertheless, when the condition or defeasance is clear and explicit, they do not hesitate to give effect to the intention of the parties.

"When the intent of such an instrument is clear, it will be given full weight and effect, notwithstanding the fact that such instruments are regarded unfavorably by the courts." 1 Devlin on Deeds, sec. 9; Modern Law, Theory and Practice (Tiffany), sec. 511.

Here, then, we have a plain and positive contract, distinctly stated, between a father and his two sons, that, in consideration of the conveyance of a farm to them (proved to be worth $3,000), each would build and settle upon the land, and jointly support and care for their parents while they lived, followed by a defeasance clause, that if the parties fail to comply with any one of the provisions of the agreement the whole shall be null and void. The non-compliance, therefore, by either obligor fulfills the condition upon which the defeasance attaches, and avoids the instrument in its entirety.

It is also an elementary principle, that an executory contract for personal service, founded on personal trust or confidence, is not assignable. *Eastman* v. *Batchelder*, 36 N. H. 141, 72 Am. Dec. 295; *Arkansas Valley Smelting Co.* v. *Belden Mining Co.*, 127 U. S. 248, 32 L. Ed. 246, 8 Sup. Ct. 1308.

There is one other assignment of error which demands attention—that is to say: That it was not competent to decree between co-defendants without cross-pleadings.

In point of fact, the principal question involved in the pleadings and decided by the court was the construction of the contract of May 15, and the necessary result of the decision of that issue between plaintiff and defendants was to affect the rights of defendants among themselves.

The rule of practice invoked is not inflexible, but is a rule of convenience, founded largely on the principle that the tendency of such decrees is to delay the plaintiff in order that defendants may litigate rights foreign to his claim and not material to the matter in issue; and for the additional reason, that one defendant has no opportunity by answer properly to state his own case against a co-defendant. *Glenn* v. *Clark*, 21 Gratt. 39.

But the general rule is not applicable where the rights and equities between co-defendants necessarily arise upon the pleadings and evidence between plaintiffs and defendants. *Temple-*

*ton* v. *Fauntleroy,* 3 Rand. 442; *Blair* v. *Thompson,* 11 Gratt. 441.

The rule is thus stated by Vice-Chancellor Wigram, in *Cottingham* v. *Earl of Shrewsbury,* 3 Hare 627: "If the plaintiff cannot get at his right without trying and deciding a case between co-defendants, the court will try and decide that case, and the co-defendants will be bound. But if the relief given to the plaintiff does not require or involve a decision of any case between co-defendants, the co-defendants will not be bound by any procedings which may be necessary only to the decree the plaintiff obtains." Cited in *Ould and Carrington* v. *Myers,* 23 Gratt. 383-406.

Upon the whole case, the decree of the circuit court is plainly right, and must be affirmed.

*Affirmed.*