JULIA ANN ROADCAP v. COUNTY SCHOOL BOARD OF ROCKINGHAM
COUNTY AND CHESTER ROSSON.

September 10, 1952.

Record No. 3969.

Present, All the Justices.

The opinion states the case.

*Glenn W. Ruebush,* for the appellant.

*George D. Conrad,* for the appellees.

Sᴍɪᴛʜ, J., delivered the opinion of the court.

This case involves the rights, interests, and estates of the parties in a small parcel of land and the improvements thereon located in Rockingham county, Virginia and known as the Mt. Vernon School.

By a deed dated November 10, 1883, Mrs. Sarah Sipe and others conveyed the property herein involved to the school trustees of the Stonewall district of Rockingham county. The pertinent provisions of this deed read as follows:

"WITNESSETH: That for and in consideration of the sum of one dollar in hand paid the receipt whereof is hereby acknowledged, *and for the purpose of providing public schools* [sic] *facilities in their neighborhood,* the parties of the first part have bargained and sold and by these presents do grant confirm and convey unto the parties of the second part and to their successors in office forever, a certain lot of land (on which the parties of the second part have erected a public school building) * * *. It is also expressly stipulated in this contract and conveyances [*sic*] that, *if the public free school system now in force in Virginia ever becomes extinct,* then the lot hereby conveyed and the building erected thereon, shall revert to the parties of the first part or to so many of them as may live in the neighborhood, as trustees who shall hold the said property in trust for neighborhood school purposes or the patrons of the said school house may by vote of a majority select three trustees to hold and take care of said property in case of the extinction of our said school system in Virginia. * * *" (Italics supplied).

Successive deeds conveying the remainder of the tract out of which the school lot was carved including the deed dated September 20, 1946, whereby the appellant acquired her alleged interest in the school lot, all contained the following provisions:

"The said grantors also convey to said grantee any and all claims they have or may hereafter have, in and to the school house and lot, which was formerly a part of the land hereinbefore described."

Under the provisions of what is now section 22-147 of the Code of 1950, the county school board of Rockingham county succeeded to all the rights of the original grantees in the deed of 1883.

The interest of Chester Rosson in the property is not made

clear by the record, but it appears that he was engaged in razing the school house under the alleged authority of the school board when the appellant commenced this suit.

The appellant's amended bill alleges that by virtue of the above quoted provision in her deed she is now the fee simple owner of the school lot and the building thereon; that the school board abandoned the school prior to 1946 and attempted to sell the property and that the appellant protested and claimed that the fee simple title had reverted to her under the provisions of the Sipe deed, because the property was no longer being used for neighborhood school purposes. The appellant further alleges that she is in possession and prays injunctive relief and a declaratory judgment decreeing that she is the fee simple owner, or in the alternative an adjudication of her rights in the property.

The school board filed its demurrer to the amended bill on the grounds: that the bill and exhibits fail to show any title in the complainant; and that the bill shows on its face that there could be no reversion of title until and unless the public school system in Virginia becomes extinct, and that there is no such allegation in the bill.

This appeal concerns the correctness of the trial court's interpretation of the deed under consideration by virtue of its decree which sustained the demurrer and dismissed the bill.

The contention of the appellant is that the school board took under the Sipe deed a qualified or base fee, and that as soon as it abandoned the property for neighborhood school purposes all of its rights therein were absolutely and irrevocably cut off forever. This contention is stated in the appellant's brief in this language:

"If there was a condition, it was that the property shall continue to be used for *neighborhood* or community purposes. The condition does not depend upon the continuance or cessation of the public school system of Virginia, but rather upon the cessation of the Mt. Vernon School in Sipe's neighborhood."

Thus it will be seen that the appellant relies on the clause of the deed "for the purpose of providing public schools facilities in their neighborhood" as creating a qualified or base fee, while the trial court considered the clause "if the public free school system now in force in Virginia ever becomes extinct, then the lot * * *, shall revert * * *" as the vital provision.

Obviously our initial inquiry is to determine the intention of the grantors as revealed by the actual language they used considered in the light of all the surrounding circumstances existing at the time. *Horne* v. *Horne,* 181 Va. 685, 26 S. E. (2d) 80; *Taylor* v. *Taylor,* 176 Va. 413, 11 S. E. (2d) 587.

Counsel for the appellant has discussed at length the constitutional and statutory provisions introducing the public free school system in Virginia. He cites the case of *Flory* v. *Smith,* 145 Va. 164, 134 S. E. 360, 48 A. L. R. 654; and the Acts of 1869-70, chap. 259, § 40 (similar to section 22-148 of the Code of 1950) to show that the school trustees were authorized to receive donations of real property and that such property must be managed and applied by the trustees according to the wishes of the donor under regulations prescribed by the board of education. It is argued that, in the light of this legislation, the clause ''for the purpose of providing public schools facilities in their neighborhood'' was a special limitation (defined by Minor, *infra,* § 165 as that limitation which creates a qualified or base fee) and that there has been a breach of the condition and, therefore, the appellant is entitled to the real property formerly occupied by the school.

Quite often the premises of a deed, in addition to naming the parties therein, contain a recital of the circumstances explaining the reason for the transaction and the consideration which induced it. The language of this granting clause thus simply reveals that the plain purpose of the grantors was to provide neighborhood public school facilities by transferring to the then school authorities title to the lot on which the latter, as shown on the face of the deed, had already erected a school building. *Cf. Vaughan* v. *Vaughan,* 97 Va. 322, 33 S. E. 603.

Conditions subsequent or special limitations should not lightly be raised by implication from a mere declaration in a deed that the grant is made for a special or particular purpose, unless the declaration is clearly coupled with words appropriate to such condition subsequent or special limitation. Forfeitures are not favored; and conditions subsequent and special limitations are strictly construed, because they are calculated to defeat a vested estate and give rise to a situation by which the grantor can again obtain the granted property. See, for example, the following cases dealing with conditions subsequent, but the same rule should for the same reasons apply to special limitations: *Pence*

v. *Tidewater Townsite Corp.*, 127 Va. 447, 103 S. E. 694; *Potomac Power Co. v. Burchell,* 109 Va. 676, 64 S. E. 982; *People's Pleasure Park Co.* v. *Rohleder,* 109 Va. 439, 61 S. E. 794, 63 S. E. 981; and *Epperson* v. *Epperson,* 108 Va. 471, 62 S. E. 344. Had these grantors intended to subject the estate conveyed in that lot of land to termination upon its abandonment as a public school location with a possibility of reverter in the grantors, they might have easily added to the premises or granting clause such words as ''as long as said land is used as a location for a public school'' or ''until a failure to provide public school facilities thereon'' or ''while the said lot is used as a public school location.'' *County School Board* v. *Dowell,* 190 Va. 676, 58 S. E. (2d) 38; Minor, *infra,* § 165. For an interesting discussion as to whether or not language used in the granting clause imports a condition or limitation reference is made to the annotations appended to the following cases: *Sapper* v. *Mathers,* 286 Pa. 364, 133 A. 565, 47 A. L. R. 1172, at page 1174; and *Boone Biblical College* v. *Forrest,* 223 Iowa 1260, 275 N. W. 132, 116 A. L. R. 67, at page 76. There the well-recognized rule is stated to be that the mere declaration of the use to which the granted premises are to be applied does not ordinarily import a condition or limitation, but only in cases in which a reverter or forfeiture is expressly provided and in cases to which the intent to create a grant on condition or limitation is plain is the grant held to be one on condition or limitation.

The case of *County School Board* v. *Dowell, supra,* illustrates what has been said. There the granting clause recited that the lot was conveyed ''for the purpose of erecting thereon a building to be used as a public schoolhouse.'' The granting clause standing alone and without limitation was construed as conveying an unqualified fee simple, but when the habendum which expressly states that the trustees were entitled to have and hold the lot ''so long as it is used for public school'' was read and considered along with the granting clause, it was apparent that the estate sought to be vested in the school board was a base or qualified fee.

In the instant case, however, when consideration is given to the entire language of the deed, it is clear, that the grantors intended a gift over upon a contingency for educational purposes with no provision for a possibility of reverter to the grantors in

their own right. This is brought out forcefully by the later language in the deed "if the public free school system now in force in Virginia ever becomes extinct." In such event the title was to pass, not to the grantors or their successors in title as individuals, but to certain named trustees to "hold the said property in trust for neighborhood school purposes." It is to be noted that the contingency of the extinction of the public free school system is stated twice in the latter part of the deed as the circumstance by which the title of the school trustees should be divested. There is no provision in the deed, under any circumstances, for a possibility of reverter or a right of re-entry to the grantors or their successors in title in their own right. On the contrary, the deed plainly states the intention of the grantors to divest themselves permanently of every shred of their entire interest in the property and to dedicate it to use for educational purposes. In no event could the title ever revert to them or to their successors as individuals, but it might pass to them or some of them as trustees.

Having decided that the clause "if the public free school system now in force in Virginia ever becomes extinct * * *" is the controlling language in the deed, it is necessary to ascertain the legal nature and quality of the estate which is created by the deed to the school trustees.

The conveyance herein involved can be stated in brief form as follows: To the school trustees in fee, but if the public free school system now in force in Virginia ever becomes extinct, then to trustees, in trust, for neighborhood school purposes.

This conveyance did not create an estate in fee on condition subsequent, the advantage of which condition may be taken only by the grantor or his successors, but it did create an estate in fee subject to a conditional limitation. One material difference between an estate in fee on condition subsequent and a conditional limitation is that the former leaves in the grantor an interest which, by its very nature, is reserved to him as a present existing interest which is transmissible to his heirs, while the latter passes the whole interest of the grantor at once and creates an estate to arise and vest in a third person upon a contingency at a future and uncertain period of time. Such limitations include certain estates in remainder, as well as gifts and grants which when made by will are termed executory de-

vises and when contained in conveyances assume the name of springing or shifting uses. The conveyance here is to the school trustees in fee, but the fee is qualified and abridged by the condition annexed, and by the limitation over to other trustees. It did not create an estate in remainder, because there was no particular estate which was first to be determined by its own limitation before the gift over was to take effect and because the prior gift being of the entire fee, there was no remainder, inasmuch as the prior estate might continue forever. It did create a shifting use, because it was a limitation by deed of a fee after a fee, which by the rules of law could not take effect as a remainder. *Brattle Square Church* v. *Grant,* 3 Gray (69 Mass.) 142, 63 Am. Dec. 725; 1 Minor, The Law of Real Property §§ 165, 526, and 789 (2d ed. 1928).

In 1883 the public school system was a new and radical institution, which was viewed with suspicion and misgivings by some of the conservative-minded citizens of that age. It was natural that the grantors should share some of this concern. The deed shows that their paramount concern was not to regain title at a later date, but to provide continuing educational facilities for the children of their neighborhood. If the public school system failed, then such work was to be continued by others. It was this contingency that they had in mind. Certainly it was not their intention to provide that the title should revert to them or to their successors in title as individuals or they would have said so in plain language. We must accept the language of the deed as it is written and we cannot engraft a different meaning thereon.

The estate which the school trustees took under the Sipe deed, although defeasible, is still an estate in fee. It may continue forever, because it is an estate of inheritance and liable only to determine on an event which may never happen. Accordingly, until and unless the public school system in Virginia becomes extinct, the title to the land in question remains in the proper authorities of the public school system with the power to do with the property as they see fit.

The appellant's bill in the instant case is, therefore, premature since the express contingency in the deed, namely, the extinction of the free public school system in Virginia, has not as yet happened.

The decree below sustaining a demurrer to the appellant's bill must be affirmed. We so hold without passing on the question of the applicability of the rule against perpetuities, which was raised by the trial court, since in our treatment of the case this point is moot.

*Affirmed.*