## CIRCUIT COURT OF ARLINGTON COUNTY

Helen Louise Studt Monroe et al.

v.

Lisa Anne Mobley, an infant, et al.

August 20, 1984

Case No. (Chancery) 32225

By JUDGE THOMAS R. MONROE

Before this Court for determination are the Stephanie Johnson and Curtis E. Johnson Petition to Reform a Deed of Trust and to Require Its Release as Paid in Full and the special Commissioner of Sales' Cross-Bill. Argument of counsel was heard on same and taken under advisement. This Court has carefully reviewed the authorities cited by both sides and the arguments and evidence presented by counsel and find as follows.

Petitioners' Bill presents two main issues for the Court's resolution. Should the note and deed of trust be modified to allow the Johnsons nine-months to pay their loan, and once the terms of Petitioners' agreement with the Special Commissioner have been determined, what monies are still owed under this agreement. Before reaching these issues the Commissioner's defense of laches must be considered. Laches has been defined as neglect to assert a right or claim, which, taken together with a lapse of time and other circumstances, causes prejudice to an adverse party and operates as a bar in a court of equity. Whether to allow a defense of laches rests in the Court's discretion based on the particular circumstances of each case. *Bartsch*

*v. Bartsch,* 204 Va. 462 (1963). In the instant case Petitioners informed the commissioner the outstanding loan would be paid when a new loan was received from the Federal Housing Administration. This attempt to make payment before the imposition of the 4 percent late penalty is not consistent with Petitioners' present claim that this deed is not the "true" agreement of the parties. Assuming these facts establish a presumption that Petitioners abandoned their right to complain of the deed's terms, Respondent, to invoke the doctrine of laches, must show prejudice. Respondent received full payment of the loan only one day after the penalty accrued. The Court finds it difficult to support the Commissioner's claim that Petitioners' delay cost him the use of expected funds when he is only able to claim these funds because of Petitioners' delay. Accordingly, the court denies Respondents' defense of laches for failure to show sufficient prejudice.

Next for consideration is the merit of Petitioners' attempt to reform the note and deed. Equity may reform an instrument only when there has been mutual mistake or a unilateral mistake accompanied by fraud. *Larchmont Properties v. Cooperman,* 195 Va. 784 (1954); *Wilkerson v. Dorsey,* 112 Va. 859 (1911). Because the certainty of written instruments is highly valued, mistake or fraud must be shown by the clearest and most satisfactory evidence. *See Wilkerson,* at 868. Petitioners allege the provision of an eight month payment period in the note and deed is a clerical mistake. The commissioner first learned of the discrepancy between the sales contract payment period and that of the note and deed on December 30, 1982, and again on January 5, 1983, when he finalized settlement. The commissioner's alleged knowledge makes the charge at best a result of a unilateral mistake. The Commissioner alleges he informed Petitioners' counsel of the variance immediately and then again on January 5, 1983. The court is unable, therefore, to find sufficient grounds for reforming the note and deed and holds that the note and deed as written represent the agreement between the parties.

The final issue is whether any monies are still owed pursuant to the terms of the deed and note. The purpose of the Petitioners' Bill is to avoid payment of the 4 percent late charge which accrued because final

payment arrived sixteen days after the due date. Courts of Equity will not enforce agreements considered to be a forfeiture or penalty, *Erving v. Litchfield*, 91 Va. 575 (1895), and especially disfavored are forfeitures which arise from mere lapse of time. *Potomac Power Co. v. Burchell*, 109 Va. 676 (1909). Generally, a Court will look to the principal intent of the instrument, and if the penalty is used only to secure performance it will be deemed accessory. *See Burchell*, at 684. The late fee in this case served as an incentive for prompt payment. Nowhere in the deed or note is time made of the essence in the satisfaction of these installments, and courts, as a rule, will not infer an intent to do so from the mere appointment of a day for payment. *Wood v. Wood*, 216 Va. 922 (1976). Accordingly, this Court denies Respondents' request to enforce the 4 percent late fee as it constitutes a penalty. However, the Court does award Respondent $39.00 in interest. This Court further denies Respondents' motion for reasonable attorney's fees, each party to be responsible for legal fees incurred on their behalf.