148

## CIRCUIT COURT OF FAIRFAX COUNTY

Christian Defense Fund

v.

Stephen Winchell & Assocs., Inc.

Case No. (Chancery) 156665

BY JUDGE JONATHAN C. THACHER

September 14, 1998

This case is before the Court on Complainant's Bill of Complaint and Motion for Temporary Injunction. The Court has considered the written and oral arguments of counsel and the relevant authorities. For the reasons set forth in this opinion letter, Complainant's Motion for Temporary Injunction is denied.

### Facts and Procedural History

The Complainant, the Christian Defense Fund ("CDF"), merged with Hart Conover, Inc. ("HC") on July 16, 1998. From 1992 until March 1998, Benjamin Hart ("Hart") was HC's resident and 50% stockholder. On March 13, 1998, Hart resigned from HC. On March 24, 1998, HC and Hart entered into a Consulting Agreement. Paragraph 5.3 of that agreement obligated Hart not to work for or provide services to the Christian Coalition ("CC") for one year.

On or about May 12, 1998, Defendant, Stephen Winchell & Associates, Inc. ("Winchell") hired Hart as an independent contractor to produce copy for some projects on the CC account. On July 8, 1998, in a separate lawsuit, HC filed suit against Hart (Chancery No. 155921) to enforce the non-competition

covenant in the Consulting Agreement. On July 17, 1998, this Court temporarily enjoined Hart from breaching his restrictive covenant not to do work for or provide services to CC, conditioned on HC's posting a $75,000 bond. HC posted bond on August 5, 1998, and advised Winchell on that same date that the injunction became effective.

On August 20, 1998, CDF filed a Bill of Complaint and Motion for Temporary Injunction against Winchell to enjoin Winchell from interfering with the aforementioned restrictive covenant.

## Temporary Injunction

Virginia Code § 8.01-628 states "[n]o temporary injunction shall be awarded unless the court shall be satisfied on the plaintiff's equity." The Virginia Supreme Court has not yet decided a case that delineates the standards to be applied in granting or denying a preliminary injunction. Case law from the Fourth Circuit, however, is well-settled in this area. This Court in *Seniors Coalition, Inc. v. Seniors Foundation*, 39 Va. Cir. 344 (Fairfax 1996), adopted the following test applied in *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353 (4th Cir. 1991), to determine whether to grant a temporary injunction:

(1) The likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;
(2) The likelihood of harm to the defendant if the requested relief is granted;
(3) The likelihood that the plaintiff will succeed on the merits; and
(4) The public interest.

926 F.2d at 359. The court in *Rum Creek* noted that the "irreparable harm to the plaintiff and harm to the defendant are the two most important factors." *Id.*

## A. *Irreparable Injury*

The principle inquiry regarding plaintiff's "irreparable harm" is whether an adequate remedy exists at law. *See Wright v. Curtis*, 232 Va. 218, 349 S.E.2d 125 (1986); *see also, Seniors Coalition v. Seniors Foundation, Inc.*, 39 Va. Cir. 344 (Fairfax 1996). In its Bill of Complaint, CDF clearly reflects the damage remedy available to it: "Impose a constructive trust of all profits derived by Winchell, directly or indirectly, from using or disseminating

materials prepared in violation of Hart's restrictive covenant." *See* Complainant's Prayer for Relief in Bill of Complaint at 6. It seems clear then, even to Complainant, that these monetary damages will suffice to cover any alleged harm. Thus, any alleged injury is not "irreparable" as required to obtain the equitable remedy of injunction.

## B. *Prevailing on the Merits*

A contract for personal services in Virginia is not assignable unless both parties agree to the assignment. *McGuire v. Brown*, 114 Va. 235, 239-242, 76 S.E. 295, 297 (1912); *Epperson v. Epperson*, 108 Va. 471, 475-477, 62 S.E. 344, 346 (1908). Any "non-compete" restrictive covenant within a personal services contract cannot be assigned to, nor enforced by, a third party without the parties' consent. *Reynolds and Reynolds Co. v. Hardee*, 932 F. Supp. 149 (E.D. Va. 1996), *aff'd* 133 F.3d 916 (4th Cir. 1997).

In this case, HC became extinct when it merged into CDF, a third party, on July 16, 1998. CDF now wants to limit Hart's work for CC, their competitor, by enforcing Hart's agreement with HC. The personal services contract between HC and Hart, however, was transferred to CDF without the consent of Hart by virtue of the merger. Under *Reynolds*, CDF has no standing to enforce the non-compete covenant nor any other provision of the Consulting Agreement.

Moreover, Complainant argues that the Consulting Agreement between HC and Hart executed on March 24th was ancillary to the business sale and Withdrawal Agreement of March 13th. Complainant maintains that the parties' intent was expressed through the two documents and that Paragraph 7 of the Withdrawal Agreement stated that a subsequent "Consulting Agreement" would be executed. However, Paragraph 5.4 of the Consulting Agreement states:

> This Agreement constitutes the entire agreement between the parties, superseding all prior oral *or written agreements,* policies, understandings, representations, and warranties between the parties hereto on the subject of the matter hereof; and there are no conditions affecting this Agreement which are not expressed herein.

The plain language of this paragraph suggests that the Consulting Agreement stands alone, without regard to the Withdrawal Agreement. Thus, the Consulting Agreement was not ancillary to the business sale between Hart and HC and therefore cannot be assigned to CDF. Lastly it should not be

overlooked that the purpose of this Court granting a temporary injunction of Hart working for CC was to benefit HC. Now that HC no longer exists, the injunction is moot.

### Conclusion

Since CDF has failed to demonstrate: (1) an "irreparable harm," and (2) that it will in all likelihood prevail on the merits, it is not entitled to the extraordinary equitable remedy of injunction against Winchell. *Seniors Coalition, Inc. v. Seniors Foundation,* 39 Va. Cir. 344 (Fairfax 1996); *Rum Creek Coal Sales, Inc. v. Caperton,* 926 F.2d 353 (4th Cir. 1991). For the reasons discussed above, Complainant's Motion for a Temporary Injunction is denied.

### January 11, 1999

This matter came before the Court on November 6, 1998, on Defendant Stephen Winchell & Associates, Inc.'s Demurrer. The Court has considered the written and oral arguments of counsel and the relevant authorities. For the reasons set forth in this opinion letter, Defendant's Demurrer is granted in part and denied in part.

By virtue of the July 16, 1998, merger between Hart Conover, Inc., and Christian Defense Fund, the Consulting Agreement was assigned by HCI to the benefit of CDF. There was no consent given by Benjamin Hart to this assignment. Under *Reynolds and Reynolds Co. v. Hardee,* 932 F. Supp. 149 (E.D. Va. 1996), CDF lacks the ability to enforce the non-compete agreement or any other provision of the Consulting Agreement.

Complainant CDF argues that the Consulting Agreement between HCI and Hart, executed on March 24th, was "ancillary to the business sale [and Withdrawal Agreement] of March 13th." Complainant maintains that the parties' intent was expressed through the two documents and that Paragraph 7 of the Withdrawal Agreement stated that a subsequent "Consulting Agreement" would be executed. However, Paragraph 5.4 of the Consulting Agreement states:

This Agreement constitutes the entire agreement between the parties, superseding all prior oral *or written agreements,* policies, understandings, representations, and warranties between the parties hereto on the subject of the matter hereof; and there are no conditions affecting this Agreement which are not expressed herein.

The plain language of this paragraph suggests that the Consulting Agreement stands alone, without regard to the Withdrawal Agreement. Thus, the Consulting Agreement was not ancillary to the business sale between Hart and HCI and therefore cannot be assigned to CDF.

Finally, the purpose of this Court's granting a temporary injunction of Hart working for CC was to benefit HCI. Now that HCI no longer exists, the injunction is moot.

For these reasons, the Complainant does not state a cause of action upon which relief can be granted, and therefore, Defendant's Demurrer is granted as to all allegations which post-date the July 16, 1998, merger. As to allegations which pre-date the merger, Defendant's Demurrer is denied.