# Richmond.

## HALL v. HALL AND OTHERS.

### January 14, 1909.

1. DEEDS—*Delivery.*—A deed of trust, duly executed, acknowledged and delivered by the grantor to one of several trustees named therein and accepted by the latter without condition is sufficiently delivered, and operates a complete divestiture of the grantor's title to the property conveyed, and invests it in the grantees, upon the trusts and for the uses declared by the deed.

2. DESCENTS AND DISTRIBUTIONS—*Surviving Wife—Distributive Share—Conveyance of Personalty by Husband—Wills.*—While a husband cannot, by will, defeat his wife's claim to her distributive share in his personal estate, he may do so by an irrevocable disposition of his property in his lifetime, although he secures a life estate to himself, and his purpose is to defeat the claim of his wife as one of his distributees. An irrevocable deed of trust is not to be considered a will in disguise, merely because it disposes of nearly all of grantor's personal estate and reserves to the grantor the possession and control of the property during his life.

Appeal from a decree of the Circuit Court of Accomac county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Ben. T. Gunter* and *Jno. S. Parsons,* for the appellant.

*Fletcher & Powell* and *J. H. Rew,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

Shortly before his death, J. A. Hall, who had been twice married but was childless, made his will disposing of his real estate, his household and kitchen furniture, and certain other personal estate, to various persons, mainly to his brother and nephews. But he also devised to his wife, Nellie Hall, the appellant, the farm known as the "Burton land," and a house and lot in the village of Hallwood—which devises the will declared were not to be in lieu of her dower in his other lands. He likewise bequeathed to her certain personal property.

At the same time, Hall executed a deed conveying the bulk of his personal estate, comprising bonds and stocks aggregating $35,000, to trustees. The deed sets out accurately the securities conveyed and the names and shares of the respective donees; and clearly defines the powers and duties of the trustees. Thus, the trustees are empowered and directed to collect the interest and dividends on the principal fund for the use and benefit of the grantor during his life; and if any portion of such interest and dividends should remain at the time of his death it was to fall into and become a part of his estate. With regard to the corpus of the principal fund, the trustees were clothed with wide discretion to invest and reinvest the proceeds for the benefit of the *cestuis que trustent* until the grantor's death, the period fixed for the final distribution of that estate.

All of the beneficiaries, with a few exceptions, were relatives or connections of the grantor, and the fund was to be divided among them according to their designated portions, the appellant's share being $3,000.

Upon the death of Hall, his widow renounced the provision made for her by his will and elected to take her dower and distributive share in the estate. She moreover brought this suit to set aside the deed and enforce her rights as widow under the statute.

The plaintiff rests her case upon the allegations that the conveyance is inoperative as a deed, because it was never delivered; and that it is also ineffectual for the further reason, that while the writing is in form a deed of trust, it is in reality a will in disguise—a device resorted to by the grantor to enable him to retain dominion over his personal estate until his death, and at the same time to deprive his widow of her distributive share therein. Yet, inasmuch as the paper is in fact a will, it is void because not executed in accordance with the requirements of the statute.

From a decree sustaining the validity of the deed this appeal was allowed.

The testimony was chiefly directed to the question of the delivery of the deed. Without undertaking a review of the evidence, it is sufficient to state that it satisfactorily shows that the deed was duly executed, acknowledged for registry, and delivered by the grantor to one of the trustees and accepted by him without condition. The legal consequence of these acts was to operate a complete divestiture of the grantor's title to the property conveyed, and to invest it in the grantees, upon the trusts and for the uses declared by the deed. 1 Devlin on Deeds (2nd ed.), sec. 300.

With respect to the contention, that the deed is a will in disguise, the instrument speaks for itself. It is unmistakably what it purports to be, a deed of conveyance of personal property, and possesses all the attributes which attach to that species of conveyance. It is true the circumstances surrounding the transaction leave no room for doubt that it was Hall's purpose to limit the rights of his wife in his estate to the provision made for her by his will and deed. Nevertheless, if in so doing he has not transcended his legal rights, she cannot be heard to complain; nor can the courts impugn his conduct, no matter what may have been the actuating motive.

The fact that the precise question involved in this case has been twice decided by this court, renders unnecessary a dis-

cussion of the power of the husband to disappoint his widow by divesting himself of title to his personal estate in his lifetime.    (Of course, the doctrine is not to be confounded with the principles applicable to dispositions of property made in contemplation of marriage).

In the case of *Lightfoot's Executors* v. *Colgin and wife,* 5 Munf. 42, it was held that "a wife has not such an interest in that portion of the personal estate of her husband to which she *may* be entitled in the event of his dying intestate, or leaving a will which she may renounce, as that an absolute and irrevocable, though merely voluntary, deed thereof, executed by him to his children by a former marriage, can be considered a fraud on her rights, or be set aside at her instance.    A deed of trust, *if not revocable by the grantor,* is not to be considered a will in disguise, on the grounds that nearly all his personal estate is thereby conveyed, and that he reserves to himself the possession and control of the property during his life."

It is interesting to note that this case was argued January 21, 1813, but was not decided until February 14, 1816.    All five of the judges delivered opinions, and the question at issue was exhaustively considered.    The conclusion reached by the majority is a correct exposition of the common law doctrine applicable to the case; while most of the English precedents relied on by the minority seem to have been controlled by the custom of particular places, and consequently form no part of the common law of this State.

The question was again before the court in the year 1850, in *Gentry & als.* v. *Bailey,* 6 Gratt. 594, and the court, following the decision in *Lightfoot's Executors* v. *Colgin and wife,* held, that "A conveyance by a husband, by which he parts absolutely with an interest in personal property, though it is not to take effect until his death, and though he retains the power to sell and reinvest or account, and also to reappoint among specified objects, is valid to bar the wife of her distributable share therein."

Mr. Minor states the rule as follows: "But whilst the husband cannot defeat the wife's claim to her distributive share by will, he may do so by an irrevocable disposition of the property in his lifetime, although he secure a life estate to himself, and although his declared purpose is to disappoint the wife's claim as one of his distributees." 3 Min. Inst., Pt. 1, 530.

Our attention has been called to decisions which indicate that a different rule obtains in some of the other States of the Union, but we have no disposition to depart from our own well-considered precedents, which have withstood the test of time and attained the dignity of canons of property rights in this jurisdiction.

The case in judgment is ruled by our own decisions, and the decree of the circuit court which followed them is without error and must be affirmed.

*Affirmed.*