# Richmond

## ASHBY V. ROLES AND OTHERS

### March 12, 1914.

### Absent, Cardwell, J.

1. DEEDS—*Delivery—Subsequent Acts of Ownership by Grantor—Case in Judgment.*—Where, as in the case in judgment, it appears that a grantor executed and delivered to the grantee in person, a deed conveying real and personal property, which was accepted by the grantee, but not put to record until after the death of the grantor, the title to the property passed at the time of the delivery of the deed. The subsequent dealing by the grantor with the property conveyed, directing the farming, disposing of the crops, and selling and conveying portions of the land, does not, under the circumstances of this case, cast the slightest suspicion upon the *bona fides* of the transaction. The previously expressed purpose of the grantor to make such a deed, his alienation from his son, the affectionate consideration shown by the grantee and other facts and circumstances all go to support the validity of the deed, and render it natural that the grantee, although the owner of the property, should refrain from interfering with the grantor's dealing with the property as he had always done; and if the grantee did not object no one else could.

2. DEEDS—*Property Passed—Money in Bank—Presumption—Case in Judgment.*—Under the evidence in the case in judgment, it is impossible to say that money in bank to the credit of a grantor at the time of his death was property owned by him eight years previously when he made a deed whereby he conveyed all property then owned or possessed by him to the grantee in such deed. The presumption is that the money to the personal credit of a party in bank at the time of his death is his property and passes to his estate, and the burden is upon the party making an adverse claim to such a fund to establish such claim by clear and convincing evidence.

Appeal from a decree of the Circuit Court of Stafford

county.   Decree   for   the   defendants.   Complainant
appeals.

*Reversed.*

The following is a copy of the deed referred to in the
opinion of the court:

"This Deed, made this 28 day of Feby. in the year one
thousand nine hundred and three, between Geo. R.
Ashby, of Stafford Co., Va., party of the first part, and
Katie Roles, of said Co. and State, party of the second
part.

"WITNESSETH: That in consideration of the sum of
One Dollars and for a support and maintenance of said
party of the second part for and during his natural life
the said party of the first part doth grant unto the said
party of the second part with General Warranty, all his
property of every description whatsoever, real, personal
or mixed, owned and possessed by him at this time.

"The said party of the first part covenants that he
has the right to convey the said land to the grantee; that
he has done no act to encumber the said land; that the
grantee shall have quiet possession of the said land, free
from all encumbrances, and that he, the said party of
the first part, will execute such further assurance of the
said land as may be requisite.

"Witness the following signature and seal.
                              "G. R. ASHBY   (Seal)."

"State of Virginia, Co. of Stafford, to-wit:

"I, C. A. Bryan, Clerk Co. Court for the county afore-
said, in the State of Virginia, do certify that G. R.
Ashby, whose name is signed to the foregoing writing,

bearing date on the 28th day of Feby., 1903, has acknowledged the same before me in my county aforesaid.

"Given under my hand this 28th day of Feby., 1903.

"C. A. BRYAN,

"Clerk."

The foregoing deed was admitted·
to record April 25, 1911.

The opinion states the case.

*Alvin T. Embrey* and *Wm. W. Butzner,* for the appellant.

*G. B. Wallace, F. M. Chichester* and *C. M. Chichester,*
for the appellees.

HARRISON, J., delivered the opinion of the court.

This controversy involves the validity and, if valid, the effect of a deed dated February 28, 1903, from George R. Ashby to Katie Roles.

The court is of opinion that the attack on the validity of this deed, that it was not delivered, cannot be sustained. It appears that for many years prior to his death, George R. Ashby and Katie Roles, with her family, lived together in the same home, where Ashby was cared for and received at all times the kindest and most considerate attention. He owned certain real and personal property, and on the 28th of February, 1903, about eight years prior to his death, he had prepared the deed in question, conveying to Katie Roles all of the property real and personal owned by him at the time, in consideration of his maintenance and support by the grantee for and during his natural life. After this deed had been duly signed and acknowledge by the grantor, he in

person delivered it into the hands of Katie Roles who
retained the same in her exclusive possession until
immediately after the death of the grantor, when she
had the deed duly recorded. It satisfactorily appears
from the record that the execution and delivery of this
deed was in pursuance of a previously expressed pur-
pose and desire of the grantor to make the grantee the
object of his bounty. It further appears that the only
son of the deceased, who now attacks the validity of this
deed, was alienated from his father and did not treat him
with filial respect or kindness. The subsequent dealing
by the grantor with the property conveyed, directing the
farming, disposing of the crops, and selling and convey-
ing portions of the land, does not, under the circum-
stances of this case, cast the slightest suspicion upon the
*bona fides* of the transaction. The grantor had been for
many years living with the grantee, who it is shown
always treated him with affectionate consideration, and
after the deed was made it was not unnatural that she
should refrain from interfering with his dealing with the
property as he had always done. The property, it is
true, belonged, under the deed, to the grantee, but if
she had no objection to the grantor dealing with it as he
did, surely no one else had any concern in the matter or
any right to object. The record furnishes no support to
the suggestion that because the grantor and the grantee
lived in the same house, the latter may have abstracted
the deed from the grantor's private papers and in that
way acquired its possession; on the contrary, as already
pointed out, the record clearly shows that the deed was
delivered to the grantee by the grantor in person and
accepted by her.

It is clear from the record that the deed was legally
delivered to the grantee and constitutes a valid exercise
by the grantor of his undeniable right to convey his

property to whomsoever he might please. This being so, there is no question that the grantee in the deed under consideration took the estate passing thereby that was not disposed of at the time of the grantor's death.

The court is further of opinion that the preponderance of evidence supports the conclusion reached by the lower court, that the mare "Nancy" was owned by the grantor at the time that the deed of February, 1903, was made, and that she passed under that deed and became the property of the grantee, Katie Roles.

The court is further of opinion that the evidence does not support the conclusion reached by the lower court that the balance in bank of $566.66, to the credit of George R. Ashby at the time of his death, was part of his property when the deed of February, 1903, was made, and that it passed under that deed to the grantee therein.

The record shows that George R. Ashby kept a running bank account in his own name from the time the deed of February, 1903, was made until his death in May, 1911, and that this bank account was exclusively under his control and showed, at the time of his death, a balance of $566.66 to his credit. It appears that at the date of the deed of February 28, 1903, there was a balance on this bank account to the credit of the grantor of $950.66, which balance was in a few days thereafter entirely checked out by the grantor. After this balance had been extinguished the grantor continued to make deposits and to check on the same until his death, when the balance appeared to his credit which is now the subject of this controversy. The deed of February, 1903, limits the property thereby conveyed to that owned and possessed by the grantor at the time the conveyance was made, and it is impossible to say that the cash left to his credit in bank at the time of his death was property owned by him eight years before when the deed was

made. The grantee contends that the balance in bank is what remained from the proceeds of sale, after its execution, of property embraced in the deed which belonged to the grantee; that the grantor had no other resource by which he could have raised the money deposited by him in bank after the deed was executed.

This contention is not established by the evidence, which tends to show that the grantor, throughout the eight years that intervened between February, 1903, and May, 1911, when he died, was actively engaged in conducting his business affairs. It further appears that much the larger part of the money deposited by him in bank after the execution of the deed of February, 1903, was so deposited before a sale was made of any part of the property embraced in the conveyance of February, 1903. In the light of the record it would be but an assumption to hold that George R. Ashby had no other resource than the property conveyed by him to Katie Roles from which he could have supplied the deposits made by him in bank after February 28, 1903. The presumption is that the money to the personal credit of a party in bank at the time of his death is his property and passes to his estate, and the burden is upon the party making an adverse claim to such a fund to establish such claim by clear and convincing proof. This has not been done in the case before us, and therefore the $526.66 to the credit in bank of George R. Ashby belongs to his estate and is not part of the property which passed to Katie Roles under the deed of February, 1903.

The circuit court having taken a different view as to this last-mentioned item, the decree complained of must be reversed and the cause remanded for further proceedings not in conflict with the views herein expressed.

*Reversed.*