Opinion.

### Richmond.

HOLLAND AND OTHERS V. VAUGHAN AND OTHERS.

January 11, 1917.

1. REFORMATION OF INSTRUMENTS—*Jurisdiction of Equity.*—The jurisdiction of a court of equity to reform written instruments is well settled.

2. REFORMATION OF INSTRUMENTS—*General Rule.*—While parol evidence will not be received to vary, alter or contradict the terms of a valid written instrument, still if it be clearly shown by proof which is entirely satisfactory that, by mistake of the draftsman, a writing does not truly set forth the agreement of the parties as previously entered into by them, equity will correct the mistake so as to make the instrument conform to the real agreement of the parties. Such mistake may be shown by parol, but the evidence of it must be clear and convincing, and such as to leave no fair and reasonable doubt upon the mind that the writing does not correctly embody the intention of the parties.

3. INTERPRETATION AND CONSTRUCTION—*Construction by the Parties.*—No rule for the construction of written instruments is better settled than that which attaches great weight to the construction put upon the instrument by the parties themselves.

Appeal from a decree of the Circuit Court of the city of Portsmouth. Decree for the defendant. Complainants appeal.

                                                        *Reversed.*

The opinion states the case.

*J. N. Sebrell, Jr.,* and *R. H. Rawles,* for the appellants.

*James H. Corbitt,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The appellees, E. M. Vaughan and T. E. Vaughan, her husband, by deed dated the 2nd day of June, 1903, conveyed certain lands to Charles Keller. The appellants, E. E. Holland, to whom the property had been since conveyed, and Charles Keller and Amanda Keller, his predecessors in title,

filed their bill on the 9th day of February, 1912, alleging that by mutual mistake of the parties that deed contains an imperfect description of the property intended to be conveyed thereby, and praying that it be so reformed as properly to express its true intent, purpose and meaning.

The deed described the property as, "containing seventy-five acres, more or less, and bounded and described as -follows, to-wit:  Situated near Kilby station, in Nansemond county, Virginia, and bounded on the west by the Norfolk and Western Railroad, on the south by the said railroad and the land of E. E. Holland, on the east by the lands of E. E. Holland and others, and on the north by the Seaboard Railroad, it being the same land conveyed to E. M. Norfleet (now E. M. Vaughan) by her husband, E. A. Norfleet, by deed duly recorded in the clerk's office of Nansemond county, and also by deed executed by E. E. Holland and wife and recorded in the clerk's office of Nansemond county court, in D. B. No. 34, page 162, and also a part of the old Bottiger place conveyed to E. M. Norfleet by D. F. Parker by deed duly recorded in the clerk's office of Nansemond county court in D. B. No. 50, page 667."

The error alleged is that in the recital of the sources of title to the grantors the draughtsman of the deed inadvertently omitted to refer to a deed from Vallie Harrison and Lydia Harrison, his wife, dated and recorded the 24th day of September, 1892, which conveyed ten acres of land, and which will be hereinafter referred to as the Vallie Harrison tract.

The question, then, to be determined is whether the deed from E. M. Vaughan and T. E. Vaughan, her husband, to Charles Keller, dated the 2nd day of June, 1903, should be reformed so as clearly to include this Vallie Harrison tract.

After the conveyance to Charles Keller in 1903, he took possession of the Vallie Harrison tract, along with the three other parcels of land specifically referred to, the four tracts being contiguous, and he, and those claiming under

him, have held possession of the entire property ever since that time.

When E. E. Holland, in 1911, determined to buy the land from Amanda Keller, he discovered that the original deed from Vaughan and husband to Charles Keller failed to refer to the deed from Vallie Harrison and wife as one of the sources of title. He thereupon asked Mrs. Vaughan and her husband to correct the alleged mistake in the original deed from them to Keller by uniting in Keller's deed to him. They declined to accede to his request, and this litigation is the result.

The following facts, tending to establish the mutual mistake complained of, appear: The land referred to was in 1903, at the time of the conveyance, charged upon the land books for taxation to Ella M. Norfleet (who is now the appellee, Ella M. Vaughan), in four separate parcels, aggregating 71½ acres, one of these parcels being the Vallie Harrison tract of 10 acres. The four tracts were contiguous, and without the Vallie Harrison tract the area of the other three tracts is only 60 acres, though the deed purports to convey 75 acres, more or less. Immediately after the conveyance to Keller in 1903, he claimed the Vallie Harrison tract of land, and he and his successors have since then collected rent for it, have fenced and improved it, and ever since that time have paid taxes on it. It was transferred on the land books by the commissioner of the revenue to Keller in 1904, and has not been charged to Mrs. Vaughan since 1903, and she has paid no taxes thereon since that year.

The circumstances attending the sale were, that Mrs. Vaughan had removed from the land after the death of her first husband, a Mr. Norfleet, and went to live with her brother two or three miles away. She married her present husband, Mr. Vaughan, and moved to the city of Portsmouth, in November, 1902, before the execution of their deed to Keller in June, 1903, and has lived in Portsmouth

ever since. She placed her property in the hands of Mr. S. E. Everett, an attorney-at-law of Suffolk, for sale. He offered it for sale at public auction on the 30th day of May, 1903, but failed to secure a satisfactory bid. A few weeks later, by telephone, she received through her attorney, Mr. Everett, an offer of the sum of $2,000 from Mr. Keller, which she accepted.

Mr. and Mrs. Vaughan testified that they did not intend to include the Vallie Harrison tract, but the testimony of her agents, the auctioneer, Mr. Hosier, and her attorney, Mr. Everett, is to the effect that no reservation of any part of her land was mentioned to them, and the attorney, Everett, testifies that he thought that he was authorized to sell all of Mrs. Vaughan's land at or near Kilby station, and that he intended to draw the deed so as to include all of her property there.

The jurisdiction of a court of equity to reform written instruments is so well settled that we do not deem it necessary to sustain the doctrine by the citation of authorities.

The syllabus in the case of *Beach* v. *Bellwood,* 104 Va. 170, 51 S. E. 184, states the rule thus: "While parol evidence will not be received to vary, alter or contradict the terms of a valid written instrument, still if it be clearly shown by proof which is entirely satisfactory that, by mistake of the draftsman, a writing does not truly set forth the agreement of the parties as previously entered into by them, equity will correct the mistake so as to make the instrument conform to the real agreement of the parties. Such mistake may be shown by parol, but the evidence of it must be clear and convincing, and such as to leave no fair and reasonable doubt upon the mind that the writing does not correctly embody the intention of the parties."

Applying that rule to this case, our conclusion is, that the mutual mistake is sufficiently proved. The deed under consideration itself states that the land conveyed is bounded

on the north by the Seaboard Railroad. There is a narrow strip of unenclosed land five feet in width and about nine hundred feet in length, belonging to H. B. Phillips, which constituted the entire northern boundary of the Vallie Harrison tract, which lies between it and the right of way of the Seaboard Air Line Railway, and it appears that the draftsman of the deed did not then know that this narrow strip of land was the true northern boundary of the property. To the casual observer, however, it appeared that the right of way of the railway company was the northern boundary of the Vallie Harrison tract. It is difficult to understand why this boundary was given if the deed was not intended to include the tract in controversy, because the only other place where any of the property conveyed touches the right of way of the Seaboard Railroad is in the extreme northwestern corner of the property where another parcel, not the Vallie Harrison tract, does touch the right of way, say for a distance of about two hundred feet.

No rule for the construction of written instruments is better settled than that which attaches great weight to the construction put upon the instrument by the parties themselves; and the evidence is conclusive that from June 2, 1903, the date of her deed, until Mrs. Vaughan was requested by Mr. Holland to correct the alleged mistake by uniting in the deed from Keller and wife to him in February, 1911, she made no claim whatever to the Vallie Harrison tract. That Keller construed her deed as conveying the land involved is abundantly proven by his having taken and held undisputed possession of it during all that period.

Upon the whole case, we have no doubt that there was a mutual mistake participated in by both parties, and that the appellants are entitled to the relief which they pray for. The decree will, therefore, be reversed, and the lower court will be directed to grant the prayer of the bill.

*Reversed.*