## Richmond.

LUTHER M. FOSTER AND ROLAND L. FOSTER v. EDGAR A. FOSTER AND WILBUR C. FOSTER.

January 16, 1930.

Absent, Chichester, J.

638

The opinion states the case.

*David N. Sutton*, for the appellants.

*J. Boyd Sears*, for the appellees.

HOLT, J., delivered the opinion of the court.

This suit involves the construction of a deed and

agreement between E. Bohannon and Louisa R. Bohannon, his wife, C. E. Bohannon, T. M. Foster and Sallie E. Foster, his wife, and Fannie G. Bohannon, dated December 19, 1879, and duly recorded, through which plaintiffs claim an undivided interest in two certain tracts of land in Mathews county, one containing 24.041 acres and the other 3.43 acres. The trial court was of opinion that they had no interest therein and so decreed, hence this appeal. By the will of Mary Minter, probated in 1874, certain real estate in Mathews county, including that involved in this suit, was devised to her daughter, Louisa R. Bohannon, and Ebenezer Bohannon, the husband of Louisa R., during the lives of each of them and after the death of both, Louisa R. and Ebenezer Bohannon, the property so devised was to pass to the children of Ebenezer Bohannon in fee. Ebenezer Bohannon had three children, C. E. Bohannon, Fannie G. Bohannon and Sallie E. Foster, the wife of T. M. Foster.

Afterwards these life tenants and remaindermen executed the agreement and deed of partition of date the 19th day of December, 1879, the construction of which determines this cause. Among its other provisions are these:

"Witnesseth, that whereas by the provisions of the will of Mrs. Mary Minter, now of record in the office of the county clerk of Mathews county, the said parties of the first part are entitled to a life estate in the tract of land upon which the said E. Bohannon and Louisa R., his wife, at present reside, and upon their death the same is to descend to the children of the said E. Bohannon and his heirs forever.

"Now therefore the said parties of the said second part, in consideration of the provisions of the afore-

said will and by and with the consent of the said parties of the first part, do agree with each other as follows:

"That T. M. Foster and Sarah E., his wife, are to have the portion of the said tract on Stutts creek, on which the said E. Bohannon and wife reside, in fee simple on which the dwelling and outhouses are located, in consideration of the said T. M. Foster and wife supporting and maintaining the said E. Bohannon and Louisa R., his wife, during the remainder of their lives; the said portion here assigned being distinctly marked in the survey of Geo. W. Bohannon, county surveyor of Mathews county, and the said excess being in consideration of the same.

"2nd. Cornelius E. Bohannon to have that portion to the west of the road running from the dwelling house to the main county road, and thence to the creek opposite to the land of A. C. Browne and J. G. Callis.

"3rd. Fannie G. Bohannon to have the portion lying on the main road, running through the land and adjoining the portion assigned to T. M. Foster and wife and Geo. W. Dixon on the south and east.

"In which division, however, the said Louisa R. Bohannon, the wife of the said E. Bohannon, reserves her right of dower.

\*    \*    \*    \*    \*    \*    \*    \*    \*

"And it is further agreed that the wood lands over the main county road is to be equally divided between the said T. M. Foster and wife and C. E. Bohannon, a plat of which said separate tracts has been made by said county surveyor, and will be seen upon reference to the plats on the surveyor's books.

"Witness the following signatures and seals:

"E. BOHANNON, (Seal)
"LOUISA R. BOHANNON, (Seal)
"C. E. BOHANNON, (Seal)
"T. M. FOSTER, (Seal)
"SALLIE E. FOSTER, (Seal)
"FANNIE G. BOHANNON, (Seal)
"JAMES A. CALLIS,
        his
"THOMAS X. CARNEY,
        mark
"As to C. E. BOHANNON."

Then written on the side of the deed, with an asterisk to indicate that it should come between the body of the deed and the signatures, is the following sentence:

"But it is to be hereby expressly understood that the portion allotted to T. M. Foster and wife is to be for the use and benefit of Sallie B. Foster, his wife, free from all debts, contracts and engagements of the said T. M. Foster, but with the right reserved by the said T. M. Foster and Sallie B., his wife, to convey the said property by deed or will."

T. M. Foster and his wife, Sallie E. Foster, whose name is written in this deed of partition "Sarah E. Foster" and "Sallie B. Foster," continued to reside on the property here conveyed to them for the remainder of their lives and to support E. Bohannon and Louisa R. Bohannon. They died, leaving to survive them five children, namely, Luther M. Foster, Roland L. Foster, Sallie L. Hodges (nee Foster), Edgar A. Foster and Wilbur C. Foster.

Sallie E. Foster died on May 30, 1922, leaving a will of date April 29, 1917. In it she gave to three of her children, Luther M. Foster, Roland L. Foster and Sallie L. Hodges, $250.00 each. The balance of her property, both real and personal, she gave after the death of her husband to her two sons, Edgar A. Foster and Wilbur C. Foster. T. M. Foster died intestate. The children, Luther M. Foster, Roland L. Foster and Sallie L. Hodges, claim that their father by virtue of the deed and agreement of December 19, 1879, owned an undivided one-half interest in the 24.041 acres tract and in the 3.43 acres tract which was set apart as Sallie's share in the deed of partition, and since there were five of these children they contend that as the heirs of their father they took each a one-fifth interest in his one-half or a one-tenth in the whole. The trial court held otherwise.

They say that this deed in its granting clause conveyed to their mother and father a joint fee simple estate in unambiguous language, and that in such circumstances the estate conveyed cannot be cut down except by language equally clear. *Wornom* v. *Hampton N. and A. Inst.*, 144 Va. 533, 132 S. E. 344, 347; *Browning* v. *Blue Grass Hardware Co.*, *ante*, page 20, 149 S. E. 497. And they further contend the concluding words of the inserted sentence, "with the right reserved by said T. M. Foster and Sallie B. Foster, his wife, to convey said property by deed or will," gives to these grantees the unrestricted power of disposition—a power compatible with a fee simple estate only. *May* v. *Joynes*, 20 Gratt. (61 Va.) 692, and kindred cases.

A partition deed adjusts the rights of the joint owners or tenants in common to the possession. It destroys the unity of possession, designates each partitioner's share, and allots it to him to be enjoyed

in severalty. But such deed conveys no title, creates no new title or estate, and makes no change in the degree of title or estate.

When a partition is made of lands in which a wife has an undivided interest and her husband no interest other than by right of curtesy, and the deed sets apart and assigns to the husband and wife by name a portion thereof in fee simple in severalty, the partition is to the wife alone, and the husband acquires thereby no greater title or interest than he had before it was made. Something more is necessary to vest in the husband any additional rights. *Yancey* v. *Radford*, 86 Va. 638, 10 S. E. 972; *Palmer* v. *Alexander*, 162 Mo. 127, 62 S. W. 691; *Davis* v. *Davis*, 46 Pa. 342; *Trimble* v. *Rees*, 37 Pa. 448; *Carson* v. *Carson*, 122 N. C. 645, 30 S. E. 4; *Harrison* v. *Ray*, 108 N. C. 215, 12 S. E. 993, 11 L. R. A. 772, 23 Am. St. Rep. 57; *Cottrell* v. *Griffiths*, 108 Tenn. 191, 65 S. W. 397, 57 L. R. A. 332, and note, 91 Am. St. Rep. 748.

The doctrine of *May* v. *Joynes* has no application here. That applies where an estate less than a fee simple is given or granted when in the same instrument is added absolute power of disposition. In such circumstances, where not changed by statute, the grantee takes an estate in fee simple. Here no lesser estate was conveyed to T. M. Foster. At the most he was given a power of appointment never exercised. Of course, in any deed, a grantee who is given the absolute power of disposition takes in fee simple. Such power is a hall mark of unqualified title.

Is there anything in the deed in judgment or in the circumstances in which it was executed to indicate a purpose on the part of anyone to make T. M. Foster and his wife joint tenants in fee simple of her interest in Mary Minter's estate? We think not.

Ebenezer Bohannon and his wife, Louisa, took from Mary Minter an estate for life and upon its termination their children took from the same source an estate in fee simple, Sallie's interest therein being an undivided one-third. Up to this point it is perfectly clear that her husband, T. M. Foster, had no interest therein except possibly that of curtesy.

After a recitation of these facts the deed declares that "in consideration of the provisions of the aforesaid will" T. M. Foster and Sarah E., his wife, are to have the Stutts creek tract in fee simple which of course was no consideration at all so far as T. M. Foster was concerned but he and his wife did there agree to maintain and support E. Bohannon and his wife, Louisa, during the remainder of their lives. For this the consideration was that E. Bohannon and wife released and conveyed to Foster and wife the life estate which they held under Mary Minter's will.

Here for the first time T. M. Foster came into possession of an interest not through, but independent of, his wife and she who was entitled to the fee in remainder took over with him jointly the joint life estate of Ebenezer Bohannon and his wife, in consideration, as we have seen, of support promised.

After the deed of partition was written it was read over, whereupon it became immediately plain that it did not express the intention of the parties. It appeared to give T. M. Foster an interest not in the life estate which he had purchased but in the fee and it was to correct this that the marginal paragraph to that deed was added, which states:

"But it is to be hereby expressly understood that the portion allotted to T. M. Foster and wife is to be for the use and benefit of Sallie B. Foster, his wife, free from all debts, contracts and engagements of the said

T. M. Foster and at her death the same is to descend to the children of said T. M. Foster by the present marriage, in fee simple, but with the right reserved by the said T. M. Foster and Sallie B., his wife, to convey the said property by deed or will.''

This addendum in its turn was likewise and for the same reason found to be unsatisfactory. It still limited Sallie E. Foster's estate in that it appeared to restrict it to one for life with remainder to her children and so this provision was stricken out of the added phrase:

"And at her death the same is to descend to the children of said T. M. Foster by the present marriage, in fee simple.''

So far the intention was clear and T. M. Foster's interest was reduced to such as he held in the life estate of E. Bohannon and wife unless that intention is defeated by the retention there of these words:

"But with the right reserved by the said T. M. Foster and Sallie B., his wife, to convey the said property by deed or will.''

If this residue of the inserted sentence is adequate here to convey a fee simple estate the addendum is meaningless and left the parties as they were, yet it was "expressly understood'' to be changed. It must be read as a whole, but it must be given some meaning if possible.

When this deed was executed it gave Mr. Foster, as we have seen, an interest for the life of others, and his wife could neither by deed nor will then give an unclouded title, hence the provision for a joint execution by him with her of these instruments which at the most was as to him but a power of appointment never exercised. He held the life estate by purchase but if he took more it must have been by way of gift from his wife.

In the construction of deed and will the true intention of the parties should be ascertained and this intention so ascertained must be adopted unless it violates the language of the instrument in judgment or some positive rule of law. *Whitehurst* v. *Burgess*, 130 Va., 572, 107 S. E. 630; *Payne* v. *Kennay*, 151 Va. 472, 145 S. E. 300; *Browning* v. *Blue Grass Hardware Co.*, *supra*. This applies with added force when the parties are unaccustomed to the drafting of contracts as was manifestly the case here. *Johnson* v. *McCoy*, 112 Va. 580, 72 S. E. 123. Moreover in construing written instruments the situation of the parties is at times exceedingly helpful. *Gordon Metal Co.* v. *Kingan and Co.*, 132 Va. 229, 111 S. E. 99; *Farley* v. *Forster*, 96 W. Va., 652, 123 S. E. 599. Here the major purpose of the parties was to partition the land which had been devised to them by Mary Minter. In it T. M. Foster had no present interest. He became, it is true, the joint purchaser of a life estate and for it the consideration is named but there was no consideration for any conveyance to him by his wife beyond that suggested by the seals, and no reason for a gift from her has been suggested.

The construction placed upon the instrument by the parties thereto is also at times exceedingly valuable evidence. *Bridgewater, etc., Corp.* v. *Fredericksburg Power Co.*, 116 Va. 338, 82 S. E. 173, Ann. Cas. 1916D, 1027; *Holland* v. *Vaughan*, 120 Va. 324, 91 S. E. 122; *Blake* v. *Hedrick*, 94 W. Va. 761, 120 S. E. 906. This land appeared on the land book in the name of Sallie E. Foster. Tax tickets must have been in her name. He paid them until his wife's will was written but declined afterwards to continue to do so and said: "He would not use his money to pay taxes as he had no right and what money he had he wanted to use for himself."

After this will was written and after it was known that the entire property was to pass ultimately to Edgar A. Foster and Wilbur C. Foster they themselves paid taxes thereon and both testified that their father repeatedly told them that he had no interest in the property. Roland Foster, one of the plaintiffs, was asked if he had heard his father claim title to it. He answered: "Well, he always did when questions of improvements would arise, we were always led to believe by him that the property was his or at least controlled by him. That he would always say that whatever improvements put there would be ours when he was gone." Luther Foster said: "I always heard him say that the place belonged to him and his wife." He did have some interest in it and so this evidence is not necessarily in conflict.

T. M. Foster was present when his wife's will was written and knew its contents. He made no objections to its provisions dealing with the disposition of the land although he did say that the pecuniary bequests to the plaintiffs here were in his judgment too small. We cannot believe that he would have permitted his wife to give all of this property to these two sons if he owned half of it and particularly when he actively sought to induce her to make a more equitable distribution of her estate as he saw it. This inequality if it existed he made no attempt to correct and he made no attempts to dispose of any interests in this land by will since he left no will at all. We attach no importance to the fact that he was unwilling to sign his wife's will. His dissatisfaction with the pecuniary gifts to three of his children accounts for that.

Undoubtedly this deed of partition is a confused instrument but when we remember that it was primarily a deed of partition of land in which the husband

had no interest, the history of its title and the subsequent conduct of the parties, we are of opinion that it divested Sallie E. Foster of no interest which she took under Mary Minter's will, and that it has been properly construed by the trial court. Its judgment is affirmed.

*Affirmed.*