# Richmond

## DOUGLAS E. TAYLOR AND BELLE TAYLOR PETTIT V. FLOYD BROWN TAYLOR, WHO SUES, ETC.

November 25, 1940.

Record No. 2271.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Andrew J. Ellis, George B. White* and *David Meade White, Jr.,* for the appellants.

*Henry C. Riely* and *William H. King,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

The object of this suit is to obtain a construction of the trust provisions of a deed from Minna Keppler to H. Seldon Taylor, trustee, dated March 22, 1895, and duly recorded, and thus to have determined the title to and present ownership of the property thereby conveyed.

By this deed Minna Keppler, for a stated consideration, conveyed certain business property, which may be briefly described as number 322 East Broad Street, in the city of Richmond, Virginia, to H. Seldon Taylor, trustee.

"In trust, nevertheless, for the following purposes, to-wit: That the said H. Seldon Taylor shall hold the same for the sole, separate and exclusive use and benefit of his wife, Sallie F. Taylor, with power, during the joint lives of the said H. Seldon and Sallie F. to sell, exchange, or encumber by mortgage or deed of trust, upon the written request of the said Sallie F. Taylor. Should the said property, or any taken in exchange therefor, not be alienated in any of the above modes, during the said joint lives, and the said Sallie F. Taylor should survive her husband, the said property shall be held by her for and during her natural life, for her sole and separate use, free from the debts, contracts and control of any future husband she may take, and at her death shall be equally divided among the children of the said H. Seldon Taylor, then living, including those by

his first marriage, as well as those by his present marriage. In the event that the said H. Seldon Taylor shall survive his said wife, Sallie F. then the said property, or any taken in exchange therefor, and not alienated in any of the above modes, shall revert to the said H. Seldon Taylor, in fee simple, absolutely freed and discharged from all trusts whatever."

Since the deed became effective no sale, exchange or encumbrance of this property has ever been made, and it is still held under and is now subject to the provisions of that instrument.

H. Seldon Taylor, the trustee, was a prominent citizen of Richmond and was engaged in the real estate business there for many years. He was twice married. His first wife, Julia Belle Green, died in the year 1881. Subsequently he married Sallie F. Brown who was his wife when the deed in question was executed.

H. Seldon Taylor died on February 13, 1930. In addition to his widow, Sallie F. Taylor, he left surviving two children by his first marriage, Douglas E. Taylor and Belle Taylor Pettit, and two by his second marriage, H. Seldon Taylor, Jr., and Floyd Brown Taylor.

H. Seldon Taylor left a will by which he disposed of all of his right, title and interest in the property here involved. But since it is conceded by both sides that he acquired no interest in the property we are not here concerned with the terms of his will.

H. Seldon Taylor, Jr., died on October 25, 1936, testate, but since, as we shall presently see, he, too, acquired no interest in the property we are not here concerned with the provisions of his will.

Sallie F. Taylor, the second wife of H. Seldon Taylor, mentioned in the deed of March 22, 1895, survived her husband and died on January 5, 1938. She left a will which was duly probated and recorded. This will made no specific mention of the property here involved but under residuary clauses it was disposed of for the benefit of her children, H. Seldon Taylor, Jr., and Floyd Brown Taylor, with cer-

tain added provisions in favor of the latter should she survive her brother. Both children were named as executors, but since H. Seldon Taylor, Jr., was not living at the date of the probate of the will, Floyd Brown Taylor qualified as the sole "executor."

In July, 1938, Floyd Brown Taylor, suing "in her own right and as executor under the will of Sallie F. Taylor, deceased," filed a petition in the court below against Douglas E. Taylor and Belle Taylor Pettit, her half-brother and half-sister, and other interested parties, setting out the above facts, praying for a construction of the trust provisions in the Keppler deed, and a declaratory adjudication that under the terms of that instrument Sallie F. Taylor acquired "an estate in fee simple absolute in said property," that consequently the property had passed to her, the petitioner, as the sole beneficiary under the will of Sallie F. Taylor, and that she was likewise entitled to the income from the property accumulated since the death of Sallie F. Taylor.

All of the interested parties answered the petition. In their answer Douglas E. Taylor and Belle Taylor Pettit took the position that under a proper interpretation of the Keppler deed, Sallie F. Taylor acquired only a life estate in the property, that upon her death it passed to the children of H. Seldon Taylor then living, namely, Douglas E. Taylor, Belle Taylor Pettit and Floyd Brown Taylor, in fee simple, share and share alike, and that the income derived from the property and accumulated since the death of Sallie F. Taylor should be equally divided among the same parties.

After a consideration of the pleadings, the provisions of the deed in question, and the pertinent agreed facts, the lower court decreed that by the first sentence of the trust provisions in the Keppler deed, Sallie F. Taylor took an equitable estate in fee simple in the property; that the limitations over contained in the second and third sentences of the trust provisions were void and of no effect; and that accordingly the property had passed pursuant to the will of Sallie F. Taylor. The lower court reserved for later

consideration and decision the question as to what person or persons were entitled to the property under that will.

From this decree Douglas E. Taylor and Belle Taylor Pettit have appealed.

The contention of the appellants is that a reading of the trust provisions as a whole discloses the unmistakable intention to vest in Sallie F. Taylor an equitable life estate, with power of appointment—the limited power to require a sale, exchange or encumbrance during her husband's lifetime; that H. Seldon Taylor took a vested remainder in fee simple, subject to be divested by his dying before his wife, Sallie F. Taylor; and that the children of H. Seldon Taylor, namely, Douglas E. Taylor, Belle Taylor Pettit and Floyd Brown Taylor, took contingent remainders, contingent upon Sallie F. Taylor surviving her husband and contingent upon their being living at the death of Sallie F. Taylor.

The contention of the appellee is twofold. First, she says that under the first sentence of the trust provisions Sallie F. Taylor was given an equitable fee simple title, and that the limitations over contained in the second and third sentences of the trust clause are void for repugnancy.

But she further contends that should it be decided that Sallie F. Taylor was given only a life estate by the first of the trust provisions, this was coupled with an unrestricted power of disposition, through the trustee, of the property, and an absolute ownership of the proceeds of sale which converted her life estate into a fee simple estate, and that the limitations over in the second and third sentences of the trust provisions were void for repugnancy, under the doctrine of *May* v. *Joynes,* 20 Gratt. (61 Va.) 692.

Counsel for the respective parties agree that in arriving at the intent of the draftsman of the deed, all parts of the instrument should be taken and considered together, and all of its provisions should be given effect unless the expressed intention violates some principle of law. But each insists that the application of these rules leads to a different conclusion.

The appellee contends that when the trust clauses are read as a whole they show that the parties intended by the first sentence to create an equitable fee simple estate in Sallie F. Taylor, and by the next two sentences to create limitations over after such fee, and that since this expressed intention of limitations after a fee simple estate violates certain well-settled principles of law it can not prevail.

The appellants concede that if Sallie F. Taylor acquired a fee simple estate under the first sentence the limitations over are void. But they insist that when the trust provisions are read as a whole they show that the parties intended to vest in Sallie F. Taylor only a life estate, in which case the limitations over in the last two sentences are valid.

The appellee argues that it was the intent of the parties, by the first and second sentences, to make provision for Mrs. Taylor's title to, interest in, and enjoyment of the property for two separate and successive periods of time, namely, (1) the period of the joint lives of her and her husband, and (2) the period of her widowhood, should she survive her husband; that two separate and inconsistent estates were created for the two periods; that during the first period, under the first sentence, Mrs. Taylor was vested with a fee simple estate; and that during the second period, under the second sentence, she was vested with a life estate with remainder to H. Seldon Taylor's children living at her death.

Undoubtedly the trust provisions do deal with these two distinct periods in Mrs. Taylor's life, but we can not agree that it was the intention of the parties to vest in her two separate estates, one for each of these periods.

When the three sentences of the trust provisions are read together they disclose, we think, the unmistakable intent to create in Mrs. Taylor only one estate, an estate for life, with provisions applicable (1) during the joint lives of her and her husband, (2) during the period of widowhood, should she survive her husband, and (3) should she die prior to her husband.

In our opinion Mrs. Taylor was not vested with a fee simple estate by the first of the trust provisions which reads as follows: "That the said H. Seldon Taylor shall hold the same for the sole, separate and exclusive use and benefit of his wife, Sallie F. Taylor, with power, during the joint lives of the said H. Seldon Taylor and Sallie F. to sell, exchange, or encumber by mortgage or deed of trust, upon the written request of the said Sallie F. Taylor."

In the first place, to say that a fee is vested in Mrs. Taylor and that it is limited to the period of the joint lives of her and her husband is in itself a contradiction. There can be, of course, no such limitation on a fee. The very limitation of the estate to the period of the joint lives of two persons negatives the intention to create a fee.

The appellee argues that the grant of the property to H. Seldon Taylor "for the sole, separate and exclusive use and benefit of his wife" was "apt and efficient" to vest in her an equitable estate in fee simple, since no words of limitation, such as "heirs", are necessary under the statute. Code, section 5149. Whether this is so we need not decide, for the sentence does not stop here. It proceeds to limit the estate by providing for a power of sale in the wife, through a named trustee, "during the joint lives" of the wife and her husband.

It is true that an absolute and unrestricted power of sale, expressly conferred on the grantee, operates only as an enlargement of his powers and not as a limitation or restriction upon his title. *Foster* v. *Foster,* 153 Va. 636, 643, 151 S. E. 157; *Moore* v. *Holbrook,* 175 Va. 471, 9 S. E. (2d) 447, 451.

Here, however, the added power of sale is not absolute or unrestricted, but on the contrary is expressly limited to the period of the "joint lives" of the husband and wife. That is to say, the wife had a power of disposition only during the life of her husband. She had no such power after his death, for in the very next sentence, which provides how the property shall be held in case Sallie F. Taylor survived her husband, such power of sale is withheld.

We thus see that Sallie F. Taylor did not have an absolute and unlimited power of sale such as is incident to a fee simple estate, but on the contrary had a power which was expressly limited and restricted to a period which was bound to terminate upon the death of her husband.

In further support of the claim that Sallie F. Taylor was granted a fee, it is argued that had the property been sold during the life of her husband the proceeds of sale would have been held for her "sole, separate and exclusive use and benefit," and that this implies a complete and absolute ownership of such proceeds.

This argument is contrary to the decisions of this court. In *Hurt* v. *Hurt*, 121 Va. 413, 422, 93 S. E. 672, 674, we said: "The word 'use' does not in its ordinary meaning import any power of disposition of the *corpus* referred to—the *jus disponendi* of the *corpus*—but the contrary; indeed, only the right to use and enjoy the benefit of the *corpus* is implied by the word 'use'. *In re Moore's Estate*, 163 Mich. 353, 128 N. W. [198] 199. The only proper 'use' to which the intangible personal estate could be put by the wife would be to enjoy the income from it."

See also, *Davis* v. *Kendall*, 130 Va. 175, 186, 107 S. E. 751; *Bristow* v. *Bristow*, 138 Va. 67, 69, 120 S. E. 859; *McCready* v. *Lyon*, 167 Va. 103, 108, 187 S. E. 442, 444; *Trice* v. *Powell*, 168 Va. 397, 404, 405, 191 S. E. 758, 761.

Our conclusion, then, is that by the first sentence of the trust provisions of the deed construed in the light of further provisions of the trust, Sallie F. Taylor was given only a life estate in the property, with a limited power of disposition during the joint lives of her and her husband, under the principles laid down in *Davis* v. *Kendall, supra*.

This brings us to the appellee's contention that even if Sallie F. Taylor was vested with a life estate under the provisions of the deed, yet this was coupled with an unlimited and unrestricted power of sale through the trustee and the absolute ownership of the proceeds of the sale, which raised the life estate to a fee simple, with the result that the limitations over after the life estate became

void for repugnancy under the doctrine of *May* v. *Joynes, supra.*

In *May* v. *Joynes, supra,* the clause under interpretation was, "I give to my * * * wife, * * * my whole estate, real and personal, * * * to her during her life, but with full power to make sale of any part of the said estate, and to convey absolute titles to the purchasers; and use the purchase money for investment or any purpose that she pleases; * * * ."

In *Smith* v. *Smith's Ex'r,* 122 Va. 341, 355, 94 S. E. 777, 780, this court pointed out that in order for the doctrine of *May* v. *Joynes, supra,* to apply, the life tenant must be clothed with full power of disposition over the fee "without limitation or restriction as to time, mode or purpose." See also, *Davis* v. *Kendall, supra* (130 Va., at page 210, 107 S. E. 751) ; *S. N. Honaker & Sons* v. *Duff,* 101 Va. 675, 683, 44 S. E. 900.

We have already seen that here the power to sell through the trustee was not unlimited or unrestricted "as to time". On the contrary, in the first sentence of the trust provisions it was expressly limited to the period of the "joint lives" of the life tenant and her husband, and in the second sentence the power of sale during the period covered by the widowhood of the life tenant was withheld altogether. Such a limited power of disposition is, as we have said, inconsistent with an intent to vest a fee simple estate in the grantee.

Moreover, in *May* v. *Joynes, supra,* the life tenant was given the right to "use the purchase money for investment or any purpose that she pleases," which indicated an absolute ownership of the proceeds of sale, a necessary incident to a fee simple title in the property.

Such is not the case here, for, as we have seen, the life tenant was not given the absolute ownership of the proceeds of sale of the property.

On the whole it is our conclusion that Sallie F. Taylor took under the deed in question an equitable estate for and during her natural life with a limited power to require a sale, exchange or encumbrance thereof during her hus-

band's lifetime, and that since this power was not exercised, upon her death the property passed under the second sentence of the trust provisions to the children of H. Seldon Taylor then living, namely, Douglas E. Taylor, Belle Taylor Pettit and Floyd Brown Taylor, share and share alike. See *Davis* v. *Kendall, supra.*

It follows that the profits, income and rents derived from the property since the death of Sallie F. Taylor, the life tenant, should be divided equally between the same parties.

The conclusion which we have reached gives full effect to the intention of the parties as expressed in the trust provisions in the deed. Manifestly, where feasible, such a result should obtain.

On the other hand, the contention of the appellee, if adopted, would recognize the expressed intent of the parties only to strike out two of the trust provisions—the limitations over—on the ground that they violate rules of law. Certainly, if practicable, such a result should be avoided. Contracting parties are presumed to have intended that which renders their agreement valid and capable of performance and not that which renders it void and impossible of execution.

The decree appealed from will be reversed and a decree will be here entered adjudicating that the title to the property, briefly designated in the pleadings as number 322 East Broad Street, in the city of Richmond, is now vested in Douglas E. Taylor, Belle Taylor Pettit and Floyd Brown Taylor in fee simple, share and share alike, and that the net rentals derived from the property and accumulated since the death of Sallie F. Taylor be divided equally between the same parties. Since the record does not disclose the amount of the accrued rentals the cause will be remanded for ascertainment and division of these among the parties entitled thereto.

*Reversed and remanded.*