# Staunton

## Mary Jane Harlan v. J. H. Weatherly.

September 6, 1944.

Record No. 2819.

Present, All the Justices.

The opinion states the case.

*Fred C. Parks* and *R. W. Bell*, for the appellants.

*George M. Warren* and *T. L. Hutton*, for the appellees.

HOLT, J., delivered the opinion of the court.

On August 8, 1927, there was recorded in the office of the clerk of the Circuit Court of Washington county this writing:

"This deed made this Aug. 8, 1927 by W. K. Weatherly & S. R. Weatherly his wife parties of Washington county State of Va.

"Witnesses That for mutual agreement by boath *the* one that dies first the other is to have and do as they please with all real estate & Personal and every thing in fee simple forever to as they see fit.

"Witness our hands & seal this day as aforesaid.

X
"W. K. WEATHERLY  (SEAL)

her
"S.  X  R. WEATHERLY"
mark

"Virginia,
"Washington County, to-wit:

"I, Joseph R. Fleenor a Notary Public in & for Washington county and State of Va. do *cirtify* that the foregoing names signed to has acknowledged the same before me in my County & State as fore said this Aug. 8, 1927.

"My comishion expires Jan. 28, 1928.

"JOSEPH S. FLEENOR,
"Notary Public."

It voices a widespread and commendable human impulse. Deeds to husband and wife frequently provide for survivorship, and reciprocal wills between them are common.

W. K. Weatherly died intestate in 1928. His wife went into possession of this property following her husband's death, and, on July 3, 1933, she executed a deed to her son, J. H. Weatherly, for certain lands derived from her husband and died later at an unnamed date.

In 1942, two of the children of this marriage, Mary Jane Harlan and Ethel Bishop, brought suit, in which they sought to have declared void and of no effect the deeds of August 8, 1927, and of July 3, 1933. To that suit other brothers and sisters and their descendants were made defendants. The children of Robert, a dead brother, joined in the prayer of the bill; the other children, who are J. H. Weatherly, W. P. Weatherly, Nellie Shaffer, Della Cowden, Sam Weatherly and Hiram Weatherly, have elected to abide by the declared purpose of their parents, including, of course, J. H. Weatherly. To the bill a demurrer was interposed and sustained; hence this appeal.

The parties to the writing of August 8, 1927, thought that writing was a deed. They called it a deed, and none of these protesting children ever questioned its character or validity until after the mother's death.

There can be no question as to the intention of the parties to the writing of August 8, 1927:

"In the construction of deed and will the true intention of the parties should be ascertained and this intention so ascertained must be adopted unless it violates the language of the instrument in judgment or some positive rule of law. * * * This applies with added force when the parties are unaccustomed to the drafting of contracts as was manifestly the case here." Many cases cited. *Foster* v. *Foster*, 153 Va. 636, 151 S. E. 157. See also, *Foster* v. *Helms*, 169 Va. 634, 194 S. E. 799, and *Johnson* v. *McCoy*, 112 Va. 580, 72 S. E. 123.

These makers thought it was a deed and called it a deed, as did the maker in *Foster* v. *Helms, supra*.

In *Johnson* v. *McCoy, supra*, it was held that the same person might be grantor and grantee; that it might "give full effect to the intention of the parties in one deed, it was necessary that Samuel M. Smith should occupy the dual relation of grantor and grantee in the same instrument."

It is not a will. It is irrevocable and rests upon a consideration both valuable and meritorious. It is not a holograph instrument, and it is not witnessed.

Many valid contracts have a testamentary flavor. To convey estates and at the same time to retain a life interest is common practice. See *Gentry* v. *Bailey*, 6 Gratt. (47 Va.) 594; *Hall* v. *Hall*, 109 Va. 117, 63 S. E. 420, 21 L. R. A. (N. S.) 533.

Plaintiff contends that it is too much of a will to be a deed and too much of a deed to be a will. Were we to concede for the moment that it is neither a deed nor a will, it is beyond doubt a contract under seal, which this husband and this wife may make as if she were unmarried. Code, section 5134.

It is not contended that this transaction is affected by any disability which might attach to married women.

Moreover, future estates may be created both by will and deed. Code, section 5147.

Next it is said that the description of the property conveyed is too vague. These are unlettered people and, as the record tells us, could not sign their names. But it is hard to conceive of more comprehensive language than that in this conditional conveyance from the husband to the wife. She was "to have and do as they (she) pleased with all real estate & personal and everything in fee simple forever to as they see fit." This, of course, is conditioned upon survivorship. A life interest was retained.

In *Mundy* v. *Vawter*, 3 Gratt. (44 Va.) 518, a conveyance of "all the estate, both real and personal" to which the grantor "is entitled in law or equity, in possession, remainder or reversion" conveyed the grantor's whole estate.

Here the conveyance is of all "estate & personal and every thing in fee simple forever."

In *Wilson* v. *Langhorne*, 102 Va. 631, 47 S. E. 871, this language was held to suffice: "Also any and all other property of every description."

*Ashby* v. *Roles*, 116 Va. 21, 81 S. E. 38, serves to tell us how far we may go in sustaining the purposes of the parties to a deed. Ashby gave to Katie Roles a deed of date February 28, 1903, conveying to her all of the property, real and personal, owned by him at the time. He continued in

undisputed possession of it for about eight years, and until the date of his death. He actually sold off a part of his land. This court afterwards upheld that deed as against the claims of an unfilial son.

There is no difficulty about the comprehensive sufficiency of the description of that property involved. In fact, it is the very property which the wife took when the husband died and not until today has any question of identity been raised.

It is contended that the writing is not acknowledged in the manner required by law. The notary who took the acknowledgment does not set out the names of the makers, but he does certify "that the foregoing names signed to has acknowledged the same before me in my County & State as fore said this Aug. 8, 1927." And on the same day it was duly admitted to record.

Since neither the rights of creditors nor purchasers for value without notice are involved, it need not have been recorded at all.

This is not a case in which social relations might be disrupted, a matter discussed in *Worrell* v. *Worrell*, 174 Va. 11, 4 S. E. (2d) 343, but rather one in which the tendency was to bring husband and wife closer together.

Postnuptial settlements have always been valid in equity in Virginia. *Ficklin* v. *Rixey*, 89 Va. 832, 17 S. E. 325, 37 Am. St. Rep. 891.

This excellent statement of the general law governing this subject appears in 26 Am. Jur. 914:

"A postnuptial agreement between husband and wife as to, or settlement and adjustment of, property rights and interest, whereby one spouse settles or agrees to settle certain property on the other, agrees to release his or her rights and interests, as surviving spouse or otherwise, in the estate of the other, agrees to leave certain property to the other by his or her will, agrees not to dissent from the will of the other, or agrees to make a joint and mutual will whereby they agree to make certain mutual wills of the property of each, each to abide by the will of the other, or whereby they

agree to divide property between them, although void and of no effect at common law is valid and enforceable in equity, where it is made through a trustee and also where it is not made through a trustee. Such agreements are, of course, valid and enforceable under the Married Women's Acts to the extent that the spouses can contract with each other. * * * "

For reasons stated, the decree of the chancellor below is affirmed.

*Affirmed.*